IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DASHAWN BROOKS, | ) |
| Petitioner, | ) ) ) ) |
| v. | ) Civ. No. 07-592-SLR ) |
| PERRY PHELPS, Warden, and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, | ) ) ) ) ) ) ) |
| Respondents.[1] | ) ) |

Dashawn Brooks. Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

July 21, 2008
Wilmington, Delaware

---

[1] Warden Perry Phelps assumed office in January, 2008, replacing former Warden Thomas Carroll, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

ROBINSON, Judge

## I. INTRODUCTION

Presently before the court is petitioner Dashawn Brooks' ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner is a Delaware inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware.[2] For the reasons that follow, the court will dismiss his application as time-barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In March 2003, a Delaware Superior Court jury convicted petitioner of second degree murder (as a lesser included offense of first degree murder), possession of a firearm during the commission of a felony, and second degree conspiracy (as a lesser included offense of first degree conspiracy). In May 2003, the Superior Court sentenced petitioner to an aggregate of twenty years of incarceration followed by probation. See State v. Brooks, 2006 WL 3042735 (Del. Super. Ct. Oct. 26, 2006). Petitioner filed a timely notice of appeal. However, in August 2003, petitioner filed a pro se motion for modification of sentence pursuant to Delaware Superior Court Criminal Rule 35(b) ("Rule 35(b) motion"), which the Superior Court denied in October 2003. (D.I. 12, Del. Super. Ct. Crim. Dkt, Entry Nos. 57 & 60) Thereafter, the Delaware Supreme Court affirmed petitioner's convictions and sentences. See Brooks v. State, 856 A.2d 1066 (Table), 2004 WL 1874700 (Del. Aug. 16, 2004).

In August 2006, petitioner filed a pro se motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior

---

[2]Formerly called the Delaware Correctional Center.

Court denied on Ocotber 26, 2006. Brooks, 2006 WL 3042735, at *2. Petitioner appealed the denial of his Rule 61 motion, but the Delaware Supreme Court affirmed the Superior Court's decision. Brooks v. State, 931 A.2d 1006 (Table), 2007 WL 1988384 (Del. July 10, 2007).

Petitioner filed his § 2254 application in September 2007, asserting three claims for relief: (1) the trial court erred in two evidentiary rulings; (2) the prosecutor violated petitioner's right to a fair trial by referring to his prior incarcerations during the trial; and (2) defense counsel provided ineffective assistance. (D.I. 1) The State contends that the court should dismiss the application in its entirety for being time-barred. (D.I. 10)

## III. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitation for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, filed in September 2007, is subject to the one-year limitation period contained in § 2244(d)(1). See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Because he does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D), the one-year period of limitation in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed petitioner's convictions and sentences on August 16, 2004, and he did not seek certiorari review. Consequently, petitioner's judgment of conviction became final under § 2244(d)(1)(A) on November 15, 2004.[3] Applying the one-year limitation period from this date, petitioner was required to file his application by November 15, 2005. See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner filed his habeas application on September 20, 2007, almost two full

---

[3]The ninety-day period for seeking certiorari review actually expired on November 14, which fell on a Sunday. Therefore, the time period was extended through the end of the next day, Monday, November 15, 2004. See Sup. Ct. R. 30(1).

years after the expiration of the limitation period.[4] Therefore, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitation period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitation period. See Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, petitioner filed his Rule 61 motion in August 2006, approximately eight months after the expiration of AEDPA's limitation period.[5] Therefore, his Rule 61 motion has no statutory tolling effect.

### C. Equitable Tolling

The court may also toll AEDPA's limitation period for equitable reasons if the petitioner's case is "the rare situation where equitable tolling is demanded by sound

---

[4]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Petitioner's application is dated September 20, 2007 and, presumably, he could not have delivered it to prison officials for mailing any earlier than that date.

[5]Petitioner's Rule 35(b) does not extend the limitation period through tolling because the motion was filed and decided before petitioner's judgment of conviction became final.

4

legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). The Third Circuit has identified three situations in which equitable tolling may be warranted:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). However, equitable tolling is appropriate only if the petitioner demonstrates that he "exercised reasonable diligence in investigating and bringing [the] claims"; mere excusable neglect is insufficient. Miller v. New Jersey State Dept. of Corrs., 145 F.3d 616, 618-19 (3d Cir. 1998); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004).

Petitioner does not contend, and the court cannot discern, that any extraordinary circumstances prevented him from timely filing the instant habeas application. To the extent petitioner made a mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Therefore, the court concludes that equitable tolling is not warranted. Accordingly, the court will dismiss petitioner's habeas application as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner

makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The court finds that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.